UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON MICHAEL GIBSON,

    Petitioner,

    v.                                       CAUSE NO.: 3:20-CV-73-PPS-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jason Michael Gibson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF 19-5-433) at the Miami Correctional Facility in which a hearing officer found him guilty of possession of a weapon in violation of Indiana Department of Correction Offense 106. Following a disciplinary hearing, he was sanctioned with a loss of one hundred days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Gibson argues that he is entitled to habeas relief due to insufficient evidence. He states that he was not in his cell on May 16, 2019, at 1:15 p.m. when the correctional officer found the makeshift weapon.[1] He further states that the "Evidence Record" form

---

[1] Though it is unclear, Gibson's argument here may be referring to a typographical error. Notably, the narrative portion of the incident report read that the incident occurred at "1:15 p.m." Yet all other references in the incident report to the time of the event suggest it actually occurred in the early morning hours. So, in all likelihood, the weapon was actually recovered at 1:15 a.m. However, this typographical error would not entitle him to habeas relief.

does not indicate that the hearing officer received the makeshift weapon as evidence. As the Seventh Circuit has provided:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted).

The administrative record includes an incident report in which a correctional officer wrote that, at 1:15 p.m., he found a makeshift weapon tucked in some bedding on top of Gibson's bed during a cell search. It further includes a picture of the makeshift weapon – a five-inch metal blade sharpened to a point. Regardless of whether Gibson was in the cell during the exact time of the search or whether the hearing officer personally examined the weapon, the administrative record includes "some" evidence that Gibson possessed a weapon. After all, it was found on top of his assigned bed hidden in some blankets. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Gibson is not entitled to habeas relief, the petition is denied. If Gibson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666

2

(7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4 (ECF 1);

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and to close this case; and

(4) DENIES Jason Michael Gibson leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: March 18, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT